# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLAINE DUTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-741-GPM |
| | ) |
| FEDERATED MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Blaine Duty, seeks to recover damages from an insurance company, Defendant, Federated Mutual Insurance Company ("Federated"), because Federated refused to pay for certain medical procedures that Duty claims are covered under a policy of health insurance. The complaint, filed in state court in Williamson County, Illinois, on September 19, 2008, consists of two counts: breach of contract (Count One); and unreasonable and vexatious actions under the Illinois Insurance Code (Count Two). Federated removed the action to this Court on October 22, 2008, asserting federal subject matter jurisdiction pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA").

Federated now moves to dismiss the complaint on the basis that Duty's claims are preempted by ERISA. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, not the merits of a claim. *See Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). Thus, in evaluating a 12(b)(6) motion, the Court examines the facts alleged in the complaint and

draws all reasonable inferences from those facts in the plaintiff's favor. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Dismissal is only appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Duty concedes that Count Two is preempted, but he argues that Count One states a claim under ERISA. The Court agrees. Count One seeks benefits under an insurance policy governed by ERISA. These facts state a claim under liberal notice pleading standards, and the Court has subject matter jurisdiction over the claim. Nonetheless, the Court will give Duty an opportunity to re-plead Count One in terms of federal court practice.

Accordingly, the motion to dismiss (Doc. 6) is **GRANTED in part**. Count One is **DISMISSED without prejudice**; Count Two is **DISMISSED with prejudice**, and judgment will be entered in Defendant's favor on Count Two at the conclusion of the entire action. Plaintiff is granted leave to file an amended complaint on or before **March 3, 2009.**

**IT IS SO ORDERED.**

DATED: 2/4/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge